Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

**IN THE SUPERIOR COURT OF GUAM**

PEOPLE OF GUAM,

    vs.

HENRY C. FLORES et. al.,

    Defendants.

CRIMINAL CASE NO. CF0133-09

**DECISION AND ORDER**
(Defendant Joaquin Q. Castro's
Motion to Sever)

This matter came before the HONORABLE VERNON P. PEREZ on May 5, 2009 on Defendant Joaquin Q. Castro's Motion to Sever. Assistant Attorney General Jeffery Moots and Assistant Attorney General Clyde Lemons were present for the Prosecution Division. Attorney Thomas J. Fisher was present with Defendant Joaquin Q. Castro. Also present were Attorney Samuel S.Teker and Joshua D. Walsh with Defendant Raynold C. Alcantara and Defendant Juan L.G. Diaz. Attorney Howard Trapp was present with Defendant Esmeralda A. Sabinay. Attorney Joaquin C. Arriola, Jr., was present with Defendant Benedette C. Santos. Attorney Rachel Taimanao-Ayuyu was present with Defendant Vincent G. Perez. Attorney Lewis W. Littlepage was present with Defendant Henry C. Flores. Attorney Julie C. Rivera, representing Defendant Luke Tonaichy, was also present. The Court took the motion under advisement. After having heard the parties' arguments, considering the parties' pleadings and the record, the Court now issues the following Decision and Order.

### BACKGROUND

On March 12, 2009 Defendant Joaquin Q. Castro (hereinafter "Defendant Castro") was indicted, along with nine other co-defendants, with one charge of Conspiracy to Commit Aggravated Assault (as a 2nd Degree Felony) in violation of 9 G.C.A. §§ 13.30 & 13.60 (a). Defendant Castro, along with three of the nine other co-defendants, was also charged in the

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 1 of 11 -

indictment with the substantive offense of Aggravated Assault (as a 2nd Degree Felony), in violation of 9 G.C.A. §§ 19.20 (a)(1) and (b). The indictment stems from the alleged assault of a teenage boy being held at the Dededo Precinct and the alleged conspiracy to cover up the assault. An arraignment was held on March 25, 2009 where Defendant Castro asserted his right to a speedy trial.

On April 16, 2009 Defendant Castro filed a Notice of Motion and Motion to Sever (hereinafter "Motion to Sever"). On April 23, 2009, Prosecution filed People's Opposition to Defendant Joaquin Castro's Motion to Sever (hereinafter "Opposition"). A hearing on the Motion to Sever was held on May 5, 2009. At the May 5, 2009 hearing, Defendant Castro waived his right to a speedy trial.

## DISCUSSION

Section 55.35 of Title 8 of the Guam Code Annotated (G.C.A.), which mirrors Rule 8 of the Federal Rules of Criminal Procedure, governs joinder and provides in pertinent part:

**§ 55.35. Charging Multiple Offenses.**

(a) Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions corrected together or constituting parts of a common scheme or plan.

(b) Two (2) or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged on each count.

8 G.C.A. § 55.35. Section 55.35 permits the joinder of several defendants in the same indictment or information if they are alleged to have participated in the same act or transaction, or the same series of acts or transactions constituting an offense or offenses.

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 2 of 11 -

Section 65.30 of Title 8 of the Guam Code Annotated governing joinder of offenses provides:

**§ 65.30. Joinder of Offenses Encouraged.**

(a) The court may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information.

(b) Except as otherwise provided by § 65.35, a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the prosecuting attorney at the time of the commencement of the first trial.

8 G.C.A. § 65.30. Thus, section 65.30 encourages joint trials.

Case law also favors a joint trial when two or more defendants have joint involvement in committing a criminal offense. Zafiro v. United States, 506 U.S. 534, 537 (1993) ("There is a preference in the federal system for joint trials of defendants who are indicted together", as joint trials "promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."). The United States Supreme Court has endorsed the notion that a joint trial typically allows "the jury to obtain a more complete view of all the acts underlying the charges than would be possible in separate trials" and thus "to arrive more reliably at its conclusions regarding the guilt or innocence of a particular defendant and to assign fairly the respective responsibilities of each defendant in the sentencing." Buchanan v. Kentucky, 483 U.S. 402, 418 (1987).

The preference for a joint trial is particularly strong where the charge is conspiracy. United States v. Lewis, 557 F. 3d 601, 609 (8th Cir. 2009) ("[P]ersons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together."); U.S. v. Fernandez, 388 F.3d 1199, 1242 (9th Cir. 2004) (setting forth that "[a] joint trial is

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 3 of 11 -

particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials."); U.S. v. Williams, 553 F. 3d 1073, 1079 (7th Cir. 2009) (holding that "[a] conspiracy charge combined with substantive counts arising out of that conspiracy is a proper basis for joinder of defendant's"); U.S. v. Miller, 549 F. Supp. 2d 1312, 1318 (D. Kan., 2008) (setting forth that "[i]n the context of conspiracy, severance will rarely, if ever be required, since, in a conspiracy case, joint trials reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague and provide the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome."). Where conspiracy is a dominant element and the Government must prove agreement among several co-defendants, joinder is presumed despite the fact that the evidence may show that some defendants were "kingpins" and others were less active. See, U.S. v. Edelin, 118 F. Supp. 2d 36, 43 (D.D.C. 2000).

In the Motion to Sever, Defendant Castro moves this Court to sever his jury trial from his other nine co-defendants' jury trial. Defendant Castro cites to 8 G.C.A. § 65.35 in support of his motion. Section 65.35 of Title 8 of the Guam Code Annotated, which mirrors Rule 14(a) of the Federal Rules of Criminal Procedure, governs severance and provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

8 G.C.A. § 65.35.Thus, section 65.35 permits severance at the Courts' discretion only upon a showing of prejudice.

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09          - Page 4 of 11 -

The United States Supreme Court has defined "prejudice" in this context to be a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 537-539 (1993). The defendant must establish that a joint trial will result in compelling prejudice, against which the trial court cannot protect so that a fair trial cannot be had. Id. at 537-538. Only in the event that prejudice appears to be compelling does severance become warranted. United States v. Perez, 489 F.2d 51, 65 (5th Cir. 1973). The decision to sever ultimately rests with the discretion of the court. See United States v. Throckmorton, 87 F.3d 1069, 1071 (9th Cir. 1996), cert. denied, 519 U.S. 1132, 117 S. Ct. 993, 136 L. Ed. 2d 874 (1997).

In his Motion to Sever, Defendant Castro concludes that this Court should sever because he will be prejudiced if forced to go to trial with his co-defendants. Defendant Castro points out that he is alleged to have committed an assault with three others and to have conspired with nine others to accomplish the assault. Defendant Castro argues that there is a clear danger that the jury will use evidence of conspiracy against others to determine that Castro is guilty of the substantive offense of assault. Defendant Castro asserts that a limiting jury instruction will be insufficient to cure a juror's natural inclination to assume Castro's guilt by virtue of his presence at the scene. Defendant Castro also suggests that the complexity inherent in a trial of ten individuals based upon a voluminous, overlapping, evidentiary record strongly militates toward separate trials.

The Court finds, as an initial matter, that Defendant Castro's claims of prejudice are conclusory and without any factual support. In the Motion to Sever, Defendant Castro makes no more than a conclusory statement that if severance is not granted, the jury will not be able to

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09          - Page 5 of 11 -

make a reliable judgment as to his guilt or innocence. Conclusory statements are not enough for this Court to grant a severance. When moving for severance, defendant bears a "heavy burden" of showing prejudice. See, U.S. v. Nelson, 137 F.3d 1094, 1108 (9th Cir. 1998); U.S. v. Edelin, 118 F. Supp. 2d 36, 41 (D.D.C. 2000). Broad and general allegations of prejudice are insufficient. Defendant Castro must demonstrate that a joint trial will impinge on a fundamental trial right or compromise the proceeding in a tangible way. See, U. S. v. Escalante, 637 F.2d 1197, 1201 (9th Cir. 1980). Defendant Castro has the burden to show that the joint trial would be so prejudicial that this Court should exercise its' discretion in only one way, severance. In his Motion to Sever, Defendant Castro has not met this burden and fails to show any manifest prejudice or any substantial "spillover effect" of being tried with his nine other co-defendants.

In the Motion to Sever, Defendant Castro points out that this Court's inquiry as to prejudice needs to focus on whether the jury can reasonably be expected to compartmentalize the evidence which only applies to one co-defendant, and not the other. Defendant Castro points out that there is a clear danger that the jury will use evidence of conspiracy against others to determine that Castro is guilty of the substantive offense of assault. No other factual support is set forth in the Motion to Sever.

The Court finds that Defendant Castro fails to make the necessary showing for severance to the extent that he suggests in his motion that he will suffer prejudice because joinder would confuse the jury, whether through guilt by association or commingling of evidence. The risk of guilt by association does not create a need to sever because "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." U.S. v. Cisneros, 26 F. Supp. 2d 13, 19-20 (D.D.C. 1998) (quoting Zafiro, 506 U.S. at 540); See also United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995) ("The party moving for

People v. Flores et. al
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09          - Page 6 of 11 -

severance must establish that actual prejudice would result from a joint trial and not merely that 'a separate trial would offer better chance of acquittal.' ") As a consequence, Defendant Castro's supposed concerns about guilt by association do not supply the grounds necessary for severance in this case.

Nor does Defendant Castro's suggestion that the jury will not be able to compartmentalize the evidence, as it relates to each defendant, supply this Court with the grounds necessary for a severance in this case. Defendant Castro's argument is not clear as to what exactly the jury will be unable to compartmentalize in this case. The Court assumes that Defendant Castro's position is based on an argument that the jury would be unable to compartmentalize the evidence because there is more evidence of the other co-defendants' guilt than of his own guilt. Severance is never warranted simply because the evidence against one defendant is more damaging than that against another, even if the likelihood of the latter's acquittal is thereby decreased. U.S. v. Hively, 437 F.3d 752, 765 (8th Cir. 2006). Nor is the preference for joint trials by defendant's jointly indicted, particularly where conspiracy is charged, limited by any requirement that the quantum of evidence of each defendant's culpability be equal. U.S. v. Lewis, 557 F.3d 601, 610 (8th Cir. 2009). Severance is not appropriate merely because some co-conspirators were more active in the conspiracy, nor because some co-conspirators played a more central role." See, U.S. v. Edelin, 118 F. Supp. 2d 36, 43 (D.D.C. 2000).

Moreover, the supposed risk associated with commingled evidence assumes that a defendant and his codefendants have mutually antagonistic defenses. "To be entitled to severance on the basis of mutually antagonistic defenses, a defendant must show that the core of the codefendant's defense is so irreconcilable with the core of his own defense that the

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09          - Page 7 of 11 -

acceptance of the codefendant's theory by the jury precludes acquittal of the defendant." Throckmorton, 87 F.3d at 1072 (citing United States v. Sherlock, 962 F.2d 1349, 1363 (9th Cir. 1989), cert. denied sub nom. Charley v. United States, 506 U.S. 958, 113 S. Ct. 419, 121 L. Ed. 2d 342 (1992)). Defendant Castro has made no such showing in his Motion to Sever and therefore is not entitled to severance on these grounds.

Finally, the risk of prejudice posed by joint trials can be cured by proper jury instructions. See, Zafiro v. U.S., 506 U.S. at 540-541, (explaining that limiting instructions to the jury will often suffice to cure any risk of prejudice); U.S. v. Fernandez, 388 F. 3d 1199, 1243 (9th Cir. 2004) (holding that a court's careful and frequent limiting instructions to the jury, explaining how and against whom certain evidence may be considered, can reduce or eliminate any possibility of prejudice arising from a joint trial.). In particular, a defendant seeking severance based on the 'spillover' effect of evidence admitted against co-defendants must demonstrate the insufficiency of limiting instructions given by the judge. See, U.S. v. Nelson, 137 F.3d 1094, 1108 (9th Cir. 1998) (holding that the 'spillover' effect can be rendered non-prejudicial through limiting instructions to the jury); U.S. v. Joetzki, 952 F.2d 1090, 1094 (9th Cir. 1991).

Defendant Castro, in his Motion to Sever, merely concludes that a limiting jury instruction will be insufficient to cure a juror's natural inclination to assume Castro's guilt by virtue of his presence at the scene. Defendant Castro is not entitled to a severance based on his speculation that the jury will be unable to follow the Court's instructions. See, U.S. v. Escalante, 637 F. 2d 1197, 1201 (9th Cir. 1980). Since jurors are presumed to follow the court's instructions, this Court finds that limiting instruction(s) in this case will surely suffice to cure any potential prejudice.

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 8 of 11 -

In his Motion to Sever, Defendant Castro also suggests that the complexity inherent in a trial of ten individuals based upon a voluminous, overlapping, evidentiary record strongly militates toward separate trials. Contrary to the suggestions made by Defendant Castro, the Court finds that this case actually militates towards a joint trial. See, U.S. v. Farris, 614 F.2d 634, 642-643 (9th Cir. 1979) (holding that the possibility of prejudice in a joint trial of twenty-three (23) defendants, all charged with violations of an antifraud provision of the Securities Exchange Act, was outweighed by the complexity of the case...had there been twenty-three (23) separate trials, it would have required twenty-three (23) separate presentations of the entire fraudulent scheme, to twenty-three (23) different finders of fact); U.S. v. Morrow, 537 F.2d 120, 135-136 (5th Cir. 1976) (holding that the trial court properly denied various motions for severance that were brought on the theory that the complexity of the case would prevent the jury from rationally assigning guilt on an individual basis in a case involving twenty-three (23) defendants, all charged in a single conspiracy count, with only certain defendant's charged with nine substantive counts in connection with the conspiracy charge.)

The present case involves only two charges, one charge of Conspiracy to Commit Aggravated Assault and one charge of Aggravated Assault. All ten defendants are named in the conspiracy count that lies at the heart of this prosecution. Although the jury may have to evaluate a tremendous amount of evidence, the nature of the evidence and the legal concepts involved in the case are not extraordinarily difficult. Much, if not all of the evidence that will be introduced ultimately bears at least indirectly on the agreement of the co-conspirators. The same evidence will be admissible against all co-defendant's shown to be members of the conspiracy. Given this state of affairs, the interest in judicial economy understandably exerts strong pressure in favor of a joint trial. See, U.S. v. Morrow, 537 F.2d 120, 136 (5th Cir. 1976); U.S. v. Castro, 887 F.2d

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 9 of 11 -

988, 998 (9th Cir. 1989) (holding that the co-defendants in a trial involving fraud were not entitled to sever trials based on complexity of issues, where the evidence generally applied to both defendants.)

Moreso, this Court finds that severing Defendant Castro's trial from the other nine co-defendants in this case will not serve the interests of justice or prompt the efficient resolution of this case. Instead, it will squander scarce judicial resources and could lead to inconsistent judgments. See, Johnson v. Tennis, 549 F. 3d 296, 302 (3rd Cir. 2008) (holding that the "[p]ublic interest in judicial economy favors joint trials where the same evidence would otherwise be presented at separate trials of defendants charged with a single conspiracy."); Buchanan v. Kentucky, 483 U.S. 402, 418-419 (1987) (holding that joint trials are preferred in order to preserve judicial resources, produce consistent verdicts and minimize the burden on jurors, witnesses, defendants, and attorneys.)

The Court finds that joinder is appropriate here because this is a conspiracy case that involves questions of law and fact common to all ten Defendants. To prove the charges, Prosecution will have to put on the same witnesses to give the same testimony and will have to present the same evidence. Documentation relevant to one Defendant will, at least to some extent, be relevant to the other nine defendants. The witnesses that Prosecution will be calling against each Defendant individually can also be called to testify against the other Defendants and about the same events that occurred. If the Court were to grant the Motion to Sever, Prosecution would have to prove the same set of facts on two occasions in two different courtrooms.

Granting the Motion to Sever will compromise judicial economy because this Court will have to conduct multiple trials involving the same issues and the same facts. It would impair both the efficiency and the fairness of the criminal justice system to require Prosecution to bring

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09          - Page 10 of 11 -

separate proceedings, presenting the same evidence again and again, requiring victims and witnesses to repeat the inconvenience (and sometimes trauma) of testifying, and randomly favoring the last-tried defendants who have the advantage of knowing the prosecution's case beforehand. Richardson v. Marsh, 481 U.S. 200, 209-210 (1987). The Court will not do that. When interests of judicial economy are weighed, the charges and defendants are linked by an alleged overarching conspiracy, and there is no finding of prejudice, concerns of judicial economy will mandate a joint trial. See, U.S. v. Fernandez, 388 F.3d at 1242; United States v. Vaccaro, 816 F.2d 443 (9th Cir. 1987), *cert. denied,* 484 U.S. 928 (1987), *abrogated on other grounds,* Huddleston v. United States, 485 U.S. 681 (1988); United States v. Lewis, 557 F.3d at 609-610.

## CONCLUSION

For the foregoing reasons, Defendant Castro's Motion to Sever is hereby DENIED.

So ORDERED this day of *23* June, 2009.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagatna, Guam

JUN 2 3 2009

*Tammy L. Pinaula*
Deputy Clerk, Superior Court of Guam

*People v. Flores et. al*
Decision and Order (Defendant Joaquin Q. Castro's Motion to Sever)
Criminal Case No. CF0133-09                    - Page 11 of 11 -